IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. _0:23-cv-62352_

PREPARED FOOD PHOTOS, INC. f/k/a
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

      Plaintiff,

v.

FOOD FAIR PLANTATION CORP d/b/a
FOOD FAIR WHOLESALE FRESH
MARKET and AD ZONE DIGITAL
MARKETING, INC.

      Defendants.

_____

## COMPLAINT

Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Plaintiff") sues defendants Food Fair Plantation Corp d/b/a Food Fair Wholesale Fresh Market ("Food Fair") and Ad Zone Digital Marketing, Inc. ("Ad Zone") (collectively, the "Defendants"), and alleges as follows:

## THE PARTIES

1.    Plaintiff is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Broward County, Florida.

2.    Food Fair is a corporation organized and existing under the laws of the State of Florida with its principal place of business located at 7139 W. Broward Blvd, Plantation, FL 33317.  Food Fair's agent for service of process is Kent Tavera, 201 NE 1st Avenue, Unit 2603, Delray Beach, FL 33444.

3.    Ad Zone is a corporation organized and existing under the laws of the State of

New York with its principal place of business located at 503 W 172nd St. New York, NY 10032. Ad Zone's agent for service of process is United States Corporation Agents, Inc., 7014 13th Avenue, Suite 202, Brooklyn, NY 11228.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendants because they have maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.

6.      Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this district. "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant." Palmer v. Braun, 376 F.3d 1254, 1259-60 (11th Cir. 2004).  "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991)).

## FACTS

### I.      Plaintiff's Business and History

7.      Plaintiff is in the business of licensing high-end, professional photographs for the food industry.

8.      Through its commercial website (www.preparedfoodphotos.com), Plaintiff offers

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

a monthly subscription service which provides access to/license of tens of thousands of professional images.

9.      Plaintiff charges its clients (generally, grocery stores, restaurant chains, food service companies, etc.) a minimum monthly fee of $999.00 for access to its library of professional photographs.

10.      Plaintiff does not license individual photographs or otherwise make individual photographs available for purchase. Plaintiff's business model relies on its recurring monthly subscription service such that Plaintiff can continue to maintain its impressive portfolio.

11.      Plaintiff owns each of the photographs available for license on its website and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, non-transferable license for use of any photograph by the customer only. Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

## II.      The Work at Issue in this Lawsuit

### A.      *The First Photograph*

12.      In 1998, a professional photographer employed and/or contracted by Plaintiff created a photograph of green plantains titled "Plantain003_ADL" (the "First Photograph"). A copy of the First Photograph is displayed below:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



13.    The First Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on April 7, 2017 and was assigned Registration No. VA 2-045-016. A true and correct copy of the Certificate of Registration pertaining to the First Photograph is attached hereto as **Exhibit "A."**

**B.**    ***The Second Photograph***

14.    In 1994, a professional photographer employed and/or contracted by Plaintiff created a photograph of pork chops on a board titled "PorkChopsRaw003_ADL" (the "Second Photograph"). A copy of the Second Photograph is displayed below:



15.     The Second Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on April 19, 2017 and was assigned Registration No. VA 2-045-003. A true and correct copy of the Certificate of Registration pertaining to the Second Photograph is attached hereto as **Exhibit "B."**

C.     *The Third Photograph*

16.     In 1997, a professional photographer employed and/or contracted by Plaintiff created a photograph of a T-bone steak on a cutting board titled "RawBeefTBone003_ADL" (the "Third Photograph"). A copy of the Third Photograph is displayed below:



17.     The Third Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on January 11, 2017 and was assigned Registration No. VA 2-026-514. A true and correct copy of the Certificate of Registration pertaining to the Third Photograph is attached hereto as **Exhibit "C."**

### D.      The Fourth Photograph

18.     In 1997, a professional photographer employed and/or contracted by Plaintiff created a photograph of pork chops and vegetables on a cutting board titled "RawPorkChopBnInAsst005_ADL" (the "Fourth Photograph"). A copy of the Fourth Photograph is displayed below:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



19.     The Fourth Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on January 20, 2017 and was assigned Registration No. VA 2-027-172. A true and correct copy of the Certificate of Registration pertaining to the Fourth Photograph is attached hereto as **Exhibit "D."**

*E.*     *The Fifth Photograph*

20.     In 1994, a professional photographer employed and/or contracted by Plaintiff created a photograph of a steak on a cutting board titled "SirloinSteakRawHR0701" (the "Fifth Photograph"). A copy of the Fifth Photograph is displayed below:



21.     The Fifth Photograph was registered by Plaintiff (pursuant to a work-for-hire

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on October 28, 2016 and was assigned Registration No. VA 2-020-887. A true and correct copy of the Certificate of Registration pertaining to the Fifth Photograph is attached hereto as **Exhibit "E."**

### F.  The Sixth Photograph

22.    In 1994, a professional photographer employed and/or contracted by Plaintiff created a photograph of raw turkey wings titled "TurkeyWingsRawHR0305" (the "Sixth Photograph"). A copy of the Sixth Photograph is displayed below:



23.    The Sixth Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on December 2, 2016 and was assigned Registration No. VA 2-023-644. A true and correct copy of the Certificate of Registration pertaining to the Sixth Photograph is attached hereto as **Exhibit "F."**

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

### G.  *The Seventh Photograph*

24.    In 1994, a professional photographer employed and/or contracted by Plaintiff created a photograph of whole turkey wings on a board titled "TurkeyWings001_ADL" (the "Seventh Photograph"). A copy of the Seventh Photograph is displayed below:



25.    The Seventh Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on April 22, 2017 and was assigned Registration No. VA 2-044-970. A true and correct copy of the Certificate of Registration pertaining to the Seventh Photograph is attached hereto as **Exhibit "G."**

26.    The First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, and Seventh Photograph are collectively referred to herein as the "Work."

27.    Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

### III.    Defendants' Unlawful Activities

28.    Food Fair is a full-line supermarket.

29.    Food    Fair    advertises/markets    its    business    through    its    website

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

(https://www.foodfairfreshmarket.com/plantation/), social media (e.g., https://www.facebook.com/FoodFairPlantation/ and https://www.instagram.com/foodfairplantation/?hl=en), and other forms of advertising.

30. Ad Zone is an internet marketing agency providing services such as search engine optimization, advertisements, and social media management.

31. Ad Zone advertises/markets its business through its website (https://adzonedigital.com/), social media (e.g., https://www.facebook.com/adzonedigitalmarketing and https://www.instagram.com/adzonemarketing/), and other forms of advertising.

32. On July 23, 2020 (after the above-referenced copyright registration of the First Photograph), Defendants displayed and/or published the First Photograph in one of their advertisements (at https://www.facebook.com/FoodFairPlantation/photos/pb.100053317074222.-2207520000/2906616812800740/?type=3) in connection with the sale of "Green Plantains":



33. On October 27, 2021 (after the above-referenced copyright registration of the

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Second Photograph), Defendants displayed and/or published the Second Photograph in one of their advertisements (at https://www.facebook.com/photo/?fbid=4195635557232186&set=pb.100053317074222.-2207520000) in connection with the sale of "Pork Chops End Cut":



34. On March 18, 2022 (after the above-referenced copyright registration of the Third Photograph), Defendants displayed and/or published the Third Photograph in one of their advertisements (at https://www.facebook.com/photo/?fbid=4663687897093614&set=pb.100053317074222.-2207520000) in connection with the sale of "New York Strip Steaks":



35.    On May 5, 2022 (after the above-referenced copyright registration of the Fourth

Photograph), Defendants displayed and/or published the Fourth Photograph in one of their

advertisements                                                                    (at

https://www.facebook.com/photo/?fbid=4787601818035554&set=pb.100053317074222.-

2207520000) in connection with the sale of "Pork Chops Combo":



36.    On February 11, 2022 (after the above-referenced copyright registration of the Fifth

Photograph), Defendants displayed and/or published the Fifth Photograph in one of their

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

advertisements                                                                                    (at

https://www.facebook.com/photo/?fbid=4565357983593273&set=pb.100053317074222.-2207520000) in connection with the sale of "Beef Loin Sirloin Cap":



37.     On January 7, 2022 (after the above-referenced copyright registration of the Sixth Photograph), Defendants displayed and/or published the Sixth Photograph in one of their advertisements                                                                                   (at

https://www.facebook.com/photo/?fbid=4436891856439887&set=pb.100053317074222.-2207520000) in connection with the sale of "Turkey Wings":

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



38.     On May 5, 2022 (after the above-referenced copyright registration of the Seventh Photograph), Defendants displayed and/or published the Seventh Photograph in one of their advertisements                                                             (at https://www.facebook.com/photo/?fbid=4787601734702229&set=pb.100053317074222.-2207520000) in connection with the sale of "Turkey Wings":



39.     A true and correct copy of screenshots of Food Fair's website, webpage, and/or

social media, displaying the copyrighted Work, is attached hereto as **Exhibit "H."**

40.     Upon information and belief, Ad Zone created the subject advertisements and Food Fair approved the advertisements prior to its publication online.

41.     Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with Defendants' website, webpage, and/or social media – even though the Work that was copied is clearly professional stock photography that would put Defendants on notice that the Work was not intended for public use.

42.     Defendants utilized the Work for commercial use.

43.     Upon information and belief, Defendants located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for their own commercial use.

44.     Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendants' unauthorized use/display of the Work on December 15, 2020. Following Plaintiff's discovery, Plaintiff notified Defendants in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of the Work.

45.     All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT
### (Food Fair)

46.     Plaintiff re-alleges and incorporates paragraphs 1 through 45 as set forth above.

47.     Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

48.     Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

49.     As a result of Plaintiff's reproduction, distribution, and public display of the Work, Food Fair had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website, webpage, and/or social media.

50.     Food Fair reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

51.     By its actions, Food Fair infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

52.     Alternatively, to the extent Food Fair did not directly infringe Plaintiff's rights in the Work, Food Fair is liable for vicarious infringement or contributory infringement.

53.     As the owner of the Facebook page in question and the entity/individual which retained Ad Zone to design advertisements thereon, Food Fair has the right and ability to control the infringing acts of Ad Zone yet declined or failed to stop Ad Zone from engaging in its infringing activity.

54.     Food Fair obtained a direct financial benefit from its own and/or Ad Zone's infringing activities.

55.     Food Fair's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Food Fair clearly understands that professional photography such as the Work is generally paid for and cannot

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

simply be copied from the internet.

56.     Plaintiff has been damaged as a direct and proximate result of Food Fair's infringement.

57.      Plaintiff is entitled to recover its actual damages resulting from Food Fair's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Food Fair's profits from infringement of the Work, which amounts shall be proven at trial.

58.     Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages resulting from Food Fair's unauthorized use of the Work, pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

59.     Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs as a result of Food Fair's conduct.

60.     Food Fair's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Food Fair as follows:

a.  A declaration that Food Fair has infringed Plaintiff's copyrights in the Work;

b.  A declaration that such infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each photograph comprising the Work;

d.  Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Food Fair, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Food Fair, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

<u>**COUNT II – COPYRIGHT INFRINGEMENT**</u>
**(Ad Zone)**

61.  Plaintiff re-alleges and incorporates paragraphs 1 through 45 as set forth above.

62.  Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

63.  Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

64.  As a result of Plaintiff's reproduction, distribution, and public display of the Work, Ad Zone had access to the Work prior to its own reproduction, distribution, and public display of the Work on Ad Zone's website, webpage, and/or social media.

65.  Ad Zone reproduced, distributed, displayed, and/or publicly displayed the Work without authorization from Plaintiff.

66.  By its actions, Ad Zone infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

displaying the Work for its own commercial purposes and for the commercial purposes of Food Fair.

67. Alternatively, to the extent Ad Zone did not directly infringe Plaintiff's rights in the work, Ad Zone is liable for contributory infringement.

68. As Ad Zone guides, directs, and implements the marketing plans for its clients, Ad Zone has the ability to influence and control the infringing acts of its clients.

69. Thus, assuming Ad Zone did not directly infringe, Ad Zone caused or materially contributed to Food Fair's infringing activity. Ad Zone encouraged Food Fair to utilize copyrighted imagery on Food Fair's website, webpage, and/or social media all while knowing the material was copyright protected.

70. Ad Zone obtained a direct financial benefit from its own and/or Food Fair's infringing activities.

71. Ad Zone's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Ad Zone clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

72. Plaintiff has been damaged as a direct and proximate result of Ad Zone's infringement.

73. Plaintiff is entitled to recover its actual damages resulting from Ad Zone's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Ad Zone's profits from infringement of the Work, which amounts shall be proven at trial.

74. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages

pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

75. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Ad Zone's conduct.

76. Ad Zone's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Ad Zone as follows:

a. A declaration that Ad Zone has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each photograph comprising the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Ad Zone, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Ad Zone, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

### **Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

Dated: December 14, 2023.       COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ _Daniel DeSouza_____
     Daniel DeSouza, Esq.
     Florida Bar No.:  19291

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228